```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
BASSÉ FRÈRES ALIMENTATION        :   14 Civ. 0818 (ALC)(JCF)
ORIENTALE (2013) INC.,           :
                                 :        MEMORANDUM
             Plaintiff,          :        AND   ORDER
                                 :
     - against -                 :
                                 :
FRUNUT GLOBAL COMMODITIES L.L.C., :
                                 :
             Defendant.          :
- - - - - - - - - - - - - - - - - -:
FRUNUT GLOBAL COMMODITIES L.L.C., :
                                 :
             Counter Claimant,   :
                                 :
     - against -                 :
                                 :
BASSÉ FRÈRES ALIMENTATION        :
ORIENTALE (2013) INC.,           :
                                 :
             Counter Defendant.  :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

The plaintiff and counterclaim-defendant in this action, Bassé-Frères Alimentation Orientale (2013) Inc. ("Bassé") has applied for reconsideration of certain aspects of my October 16, 2014 order regarding discovery requests by Frunut Global Commodities L.L.C. ("Frunut"). Bassé contends that it did not have a full and fair opportunity to make a comprehensive submission on the issues addressed in the order and requests several modifications. For the reasons that follow, reconsideration is granted, but I adhere to my prior decision.

<u>Background</u>

This action arises out of a contract dispute between Bassé and Frunut. On October 6, 2014, Frunut wrote a letter to the Court

requesting, in relevant part, (1) that Bassé be directed to produce any accounting records responsive to Frunut's request for production, and (2) that Bassé be directed to produce requested "cash flow" documents from the period from July 1, 2013 through November 15, 2013. (Letter of Jeffrey S. Lichtman dated Oct. 6, 2014 ("Lichtman 10/6 Letter") at 2-3). In an October 10, 2014 letter response to Frunut's letter, Bassé stated that Frunut had not identified which document requests would require the production of accounting records and had not produced any accounting records of its own, and that the requested cash flow documents were not relevant to the lawsuit. (Letter of Robert M. Kaplan dated Oct. 10, 2014 ("Kaplan 10/10 Letter") at 1-2). In a memorandum endorsement, I ordered, among other things, that Bassé produce any accounting records relating to the transactions at issue and the cash flow documents for the July 1 to November 15, 2013 period. (Order dated Oct. 16, 2014 ("10/16 Order")).

<u>Discussion</u>

    A.   <u>Legal Standard</u>

        1.   <u>Motions for Reconsideration</u>

    A motion for reconsideration is governed by Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and is committed to the sound discretion of the court. <u>Idowu v. Middleton</u>, No. 12 Civ. 1238, 2013 WL 371657, at *1 (S.D.N.Y. Jan. 31, 2013). "'The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to

controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" <u>Space Hunters, Inc. v. United States</u>, 500 F. App'x 76, 81 (2d Cir. 2012) (quoting <u>Shrader v. CSX Transportation, Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995)). "A party seeking reconsideration may neither repeat arguments already briefed, considered and decided, nor advance new facts, issues or arguments not previously presented to the Court." <u>Ferring B.V. v. Allergan, Inc.</u>, No. 12 Civ. 2650, 2013 WL 4082930, at *1 (S.D.N.Y. Aug. 7, 2013) (internal quotation marks omitted). Generally, reconsideration "requires 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" <u>Capitol Records, Inc. v. MP3tunes, LLC</u>, No. 07 Civ. 9931, 2013 WL 1987225, at *1 (S.D.N.Y. May 14, 2013) (quoting <u>Virgin Atlantic Airways Ltd. v. National Mediation Board</u>, 95 F.2d 1245, 1255 (2d Cir. 1992)). Reconsideration is "an extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources." <u>Hinds County, Mississippi v. Wachovia Bank N.A.</u>, 700 F. Supp. 2d 378, 407 (S.D.N.Y. 2010) (internal quotation marks omitted).

2.   <u>Discovery</u>

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad

concept." <u>Condit v. Dunne</u>, 225 F.R.D. 100, 105 (S.D.N.Y. 2004);

<u>see also</u> <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351

(1978) (relevance is "construed broadly to encompass any matter

that bears on, or that reasonably could lead to other matter that

could bear on, any issue that is or may be in the case").  Indeed,

"the 'right of litigants to discover and present relevant evidence

in civil litigation is given great weight in federal courts.'"

<u>Mays v. Town of Hempstead</u>, No. 10 CV 3998, 2011 WL 4345164, at *2

(E.D.N.Y. Sept. 15, 2011) (quoting <u>Apicella v. McNeil Laboratories,</u>

<u>Inc.</u>, 66 F.R.D. 78, 82 (E.D.N.Y. 1975)).  Moreover, "[r]elevant

information need not be admissible at the trial if the discovery

appears reasonably calculated to lead to the discovery of

admissible evidence."  Fed. R. Civ. P. 26(b)(1).

The burden of demonstrating relevance is on the party seeking

discovery.  <u>See, e.g.</u>, <u>Mandell v. Maxon Co.</u>, No. 06 Civ. 460, 2007

WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007).  "Once relevance has

been shown, it is up to the responding party to justify curtailing

discovery."  <u>Fireman's Fund Insurance Co. v. Great American</u>

<u>Insurance Co. of New York</u>, 284 F.R.D. 132, 134 (S.D.N.Y. 2012)

(internal quotation marks omitted).

B.   <u>Reconsideration</u>

Bassé contends that it did not "have a full and fair

opportunity to make a comprehensive submission on the discovery

issues which were addressed in the Order, as it reasonably believed

those issues would be the subject of a discovery conference."

(Plaintiff's Memorandum of Law in Support of Motion for Reargument

4

and Reconsideration ("Pl. Memo.") at 4).  Taking Bassé at its word,
I grant reconsideration.

However, Bassé's new submission does little more than repeat
arguments already set forth in its October 10 letter.  Bassé
originally implied that it should not be required to produce
"accounting records" because it did not believe Frunut to have
produced comparable records.  (Kaplan 10/10 Letter at 1-2).  It
argued that the requested documents regarding Bassé's cash flow are
not relevant to the dispute, and therefore should not be produced.
(Kaplan 10/10 Letter at 2).  Bassé reiterates these arguments in
its memorandum in support of the motion for reconsideration (Pl.
Memo. at 5-8), and adds that Frunut should be required to identify
specifically "what documents are encompassed by" the phrases
"accounting records" and "cash flow documents" (Pl. Memo. at 5, 8).

Frunut's accounting records requests were for "[a]ll documents
concerning any payments by plaintiff to defendant, including but
not limited to timing of payments, amount of payments and balances
of payments due from plaintiff defendant" (Defendant's First
Request for Production of Documents ("Def. 1st RFP"), attached as
Exhibit E to Plaintiff's Notice of Motion for Reconsideration,
Request No. 9) and "[a]ll documents concerning amounts owed by
plaintiff to defendant under the Agreement" (Def. 1st RFP, Request
No. 17).  These document requests describe with reasonable
particularity the subject matter of the requested documents, are
limited by my memorandum endorsement to "documents concerning the
transactions alleged in the complaint" (10/16 Order), and are

5

"reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1). These requests are sufficiently clear. Similarly, Frunut's request for "[a]ll documents concerning plaintiff's cash flow between July 1, 2013 and November 15, 2013" (Def. 1st RFP, Request No. 16) is also reasonably clear. It identifies the particular subject matter of the requested documents -- the cash flow problems allegedly asserted by Bassé -- and is limited to a time period of fewer than five months. Accordingly, Bassé's new argument does not warrant modification of my order that such documents be produced.

## Conclusion

For the foregoing reasons, the motion for reconsideration (Docket no. 19) is granted, but I adhere to my prior decision. Bassé shall comply with my October 16, 2014 order within seven (7) days of the date of this order.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          November 18, 2014

6

Copies transmitted this date:

Robert N. Chan, Esq.
Robert M. Kaplan, Esq.
Ferber Chan Essner & Colner, LLP
530 Fifth Ave.
New York, NY 10036-5101

Jeffrey S. Lichtman, Esq.
Andrew C. Levitt, Esq.
O'Hare Parnagian LLP
82 Wall St., Suite 300
New York, NY 10005